IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TRACEY DEWAYNE PARKER, | § | |
| aka Tracy Wayne Parker | § | |
| (Tarrant County No. 0306110) | § | |
| (TDCJ 740450) | § | |
| VS. | § | CIVIL ACTION NO.4:12-CV-751-Y |
| | § | |
| | § | |
| PATRICIA EDDINGS, et al. | § | |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§
1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)

This case is before the Court for review of pro-se inmate and plaintiff Tracey Dewayne Parker's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B).  Parker, an inmate at the Tarrant County, Texas jail, filed a form civil-rights complaint seeking relief under 42 U.S.C. § 1983 and naming as defendants Patricia Eddings and Trisha Kacer. (Compl. Style; § V, attachment page.) Patricia Eddings apparently offered expert testimony about hair-sample evidence that was used to convict Parker of a "home invasion robbery." (Compl. § V.) Trisha Kacer was a forensic scientist with a Texas Department of Public Safety Laboratory that subjected the hair to testing. (Compl. § V, attachment page.)  Parker wants the Court to award him "one million-six-hundred thousand dollars from both women." (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1]  Under 28

---

[1]*Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review of the complaint under these standards, the Court concludes that Parker's claims must be dismissed.

The Court here recounts Plaintiff's claims exactly as he stated them in the complaint:

> [A]t my jury trial the state presented evidence of state's exhibits 50, 51, and 52. However, (Ex. 50 and 52) are my "known hair samples" and (Ex. 51) is "three hair fibers" that were cut from a seven inch hair fiber that was found on a blue jean jacket that was worn by one of the robbers.  The hair (Ex. 51), the jacket, and Ms. Eddings expert testimony got me convicted of an October 10, 1994 home invasion robbery.  On June 10, 2010, I filed a motion for forensic DNA testing on the hair found in (Ex. 50, 51, and 52).  However, the hairs (Ex. 50,51, and 52) were found in the custody of the Tarrant County District Court 297th court reporter Mr. William Bill Shelton.  At a DNA hearing held on September 9, 2011, my counsel argued that at my jury trial it was proven that

---

[2]See 28 U.S.C.A. § 1915(e)(2)(West Supp. 2005); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3]See 28 U.S.C.A. § 1915A(a)(West 2006).

[4]See *Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5]Id.,(citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

I didn't have seven-inch long hair at no time in 1994. And Ms. Eddings only did a "comparison test" an the hair in (Ex. 50,51, and 52), and not a "DNA test." All three envelopes contained (Ex. 50,51, and 52) and a new buccal swab from me were sent to Ms. Trisha Kacer, a forensic scientist at the Garland, Texas DPS Laboratories. I believe that Ms. Eddings took one of my known hair samples out of (Ex. 50 and 52) and "planted" my hair inside of the envelope that contained the three hair fibers in (Ex. 51). Ms. Kacer knowing (Ex. 51) was altered she fixed her DNA testing on my buccal swab and (Ex. 51). And, in June 10, 2012, Ms. Kacer revealed a "false" showing that my DNA profile from the buccal swab were [sic] "consistent" with a "partial" profile of the hair fibers in (Ex. 51) and doesn't exclude me as the donor of the hair found on the jacket. I believe both women exercised this malicious act against me, too [sic] keep me incarcerated indefinitely for the State "District Attorney" in Tarrant County, Fort Worth, Texas. (Compl. § v, attachment page 6.)

The Court concludes that Parker's claims against defendants' Eddings and Kacer are not cognizable under 42 U.S.C.§ 1983. In *Heck v. Humphrey*,[6] the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[7] Parker essentially alleges that the two defendants altered evidence to support his conviction. Such claims are barred by the *Heck* doctrine as success

---

[6]512 U.S. 477, 486-87 (1994).

[7]*Heck,* 512 U.S. at 486-87; *see also Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995). The Court notes that a prior civil suit filed by Parker in this district challenging other aspects of his arrest and conviction was deemed barred by *Heck v. Humphrey. Parker v. Hill, et al.* No. 3:04-CV-1746-B (N.D. Tex. Dec. 7, 2004)(Boyle, J.)

on such claims would imply the invalidity of his conviction and imprisonment.[8]  Parker has not shown that his underlying conviction or imprisonment has been reversed or set aside in any of the manners listed and accordingly his claims are not cognizable under *Heck v. Humphrey*.

Therefore, all of Parker's claims are DISMISSED WITH PREJUDICE to their being asserted until the *Heck v. Humphrey* conditions are met.[9]

SIGNED April 8, 2013.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[8]*See White v. Fox,* 294 Fed. Appx. 955, 958 (5th Cir. 2008)("If we were to find that prison officials altered and destroyed evidence relevant to the [disciplinary ] charges against White, that judgment would necessarily imply the invalidity of his subsequent convictions and sentence on those charges"); *Penley v. Collin County,* 446 F.3d 572, 573 (5th Cir. 2006)("To the extent that the district court were to award Penley damages on his claim regarding the destruction of evidence and the loss of the opportunity for DNA testing, the validity of his conviction would be implicitly questioned"), *cert' den'd,* 549 U.S. 883 (2006); *Heath v. Thomas,* No. 3:99-CV-2277-D, 2009 WL 1979357, at *3 (N.D. Tex. 2009)(Fitzwater, CJ)(claims that defendants lied about the existence of evidence and that evidence was withheld are barred by *Heck*); *Rinker v. Harrison,* No. 10-372, 2010 WL 4553501, at *6 (E.D. La. Sep. 10, 2010)(claim that deputy destroyed evidence useful to criminal case was barred by *Heck*)(citations omitted), *rep. And rec. adopted,* 2010 WL 4553500 (Nov. 10, 2010).

[9]*See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).